# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. |
|  | )    21-mj-86 |
|  | ) |
| Jaylon Jamare Smullen | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 25, 2021__ in the county of __East Baton Rouge__ in the __Middle__ District of __Louisiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371 | Conspiracy |
| 18 U.S.C. § 922(a)(6) | False Statements to a Federally Licensed Firearms Dealer in Connection with the Purchase of a Firearm |
| 18 U.S.C. § 922(n) | Receiving a Firearm while under Felony Bill of Information |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

ALTON CAMBRE  Digitally signed by ALTON CAMBRE
Date: 2021.08.27 15:50:11 -04'00'

*Complainant's signature*

Special Agent Alton Cambre ATF

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/27/2021

*Judge's signature*

City and state:  Baton Rouge, Louisiana         Scott D. Johnson, Magistrate Judge

*Printed name and title*

Sealed USA Group
USM, USPO

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
## IN THE MATTER OF JAYLON JAMARE SMULLEN

1.  Before me, the undersigned authority, Alton Cambre, Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), who, after being duly sworn, stated the following information which he acknowledges as true to the best of his knowledge and belief:

2.  I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco Firearms and Explosives ("ATF") and have been so employed since September of 1998. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy in Glynco, Georgia. I am currently assigned to the Baton Rouge, Louisiana Field Office. I have been trained in conducting investigations into violations of Federal firearms, explosives and arson laws.

3.  During my tenure with ATF I have been involved in various degrees and capacities with numerous investigations, including: the illegal possession of firearms by convicted felons; the possession and use of firearms by narcotics traffickers; illegal sale or possession of machineguns and short-barrel shotguns or rifles; arsons of structures which affect interstate commerce; the manufacturing and dealing of firearms without a license; and the manufacturing, possession, or use of illegal explosive devices.

4.  This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.  Based upon my own personal knowledge and information I have received from other Agents, Federal Firearms Licensees, law enforcement officers and citizens, I respectfully has submit that there is probable cause to believe that **JAYLON JAMARE SMULLEN ("SMULLEN")** a B/M, D.O.B. 6/7/2000, committed violations of Title 18, United States Code,

Section 922(n) (receiving firearm(s) while under a felony bill of information); and Title 18, United States Code, Sections 371 and 922(a)(6) (conspiring to provide false information to a federally licensed firearms dealer ("FFL") to order to illegally obtain firearm(s)), among other crimes. ("TARGET OFFENSES").

**PROBABLE CAUSE**

6. On August 11, 2021, J.P., the owner of B&J Pawn Shop, a federally licensed firearms dealer located at 700 Florida Avenue SW in Denham Springs, Louisiana, contacted your Affiant to report that an individual, later identified as Kendrick O'Nell Hart ("Hart"), a resident of Baton Rouge, had made several made several large purchases of AR-15 type lower receivers over a period of approximately two months. J.P. stated that Hart ordered the receivers from distributors and had them delivered to B&J Pawn for transfer.

7. According to J.P., on June 5, 2021, Hart purchased twenty (20) AR-15 lower receivers; on June 30, 2021, Hart purchased seventeen (17) AR-15 lower receivers. J.P. stated that Hart made a third purchase of fifty (50) receivers that had been shipped to B&J Pawn. As of August 11, 2021, Hart had not completed the required background check and therefore he had not received the third shipment of receivers.

8. On August 12, 2021, your Affiant met with J.P. at B&J Pawn and obtained copies of the transaction forms for Hart's first two orders of receivers. Shortly after law enforcement left B&J Pawn, J.P. called agents to report that Hart was in the pawn shop completing transaction forms for the third order of receivers.

9. Your Affiant returned to the area near B&J Pawn and asked J.P. to identify Hart's vehicle. When Hart left the building, J.P. contacted your Affiant and advised that Hart drove a

black Nissan with red rims. At that time, your Affiant observed a black male exit the pawn shop and get into the passenger side of a black Nissan with Texas license plate number KPD 8526.

10. Your affiant conducted a criminal history check to determine if Hart was a person prohibited from possessing a firearm. The report indicated that Hart had previous arrests for misdemeanor crimes of domestic violence, but court records indicated that those charges had been dismissed.

11. On August 20, 2021, your Affiant and ATF Special Agents Daniel Green and Justin Hutchison interviewed Hart at his home, located at 4148 Sherwood Street in Baton Rouge. Hart stated that an individual, who he later identified as **SMULLEN**, ordered the AR-15 receivers in Hart's name and had them delivered to B&J Pawn. Hart stated that **SMULLEN** drove him to B&J Pawn so that Hart could complete the transaction form and background check required to purchase the receivers. Hart said that his background check was delayed for each of the transactions.

12. Based on my training and experience, a purchaser must wait three (3) business days before a firearm can be transferred when a background check is delayed. Each time, after waiting the three days required by law, **SMULLEN** drove Hart back to B&J Pawn to obtain the receivers on his behalf.

13. Hart said that **SMULLEN** also drove him to Spillway Sportsman, another federally licensed firearms dealer located in Port Allen, Louisiana, where Hart purchased more lower receivers for **SMULLEN**. Hart said that each time, after he purchased receivers, **SMULLEN** would bring Hart home and then **SMULLEN** would leave with the receivers in his vehicle.

14. Hart identified **SMULLEN**'s vehicle as a black Nissan and stated that **SMULLEN** was the only occupant other than Hart in the vehicle during these transactions.

3

15. In my training and experience, persons who are prohibited from possessing or receiving firearms often engage "straw purchasers," or individuals who are not prohibited, who can illegally purchase a firearm for the prohibited person while falsely claiming that the firearm is their own.

16. A criminal history check revealed that on December 8, 2020, **SMULLEN** was charged by bill of information with six (6) counts of Attempted First Degree Murder, Illegal Use of Weapons and Dangerous Instrumentalities, and Aggravated Criminal Damage to Property in 19th JDC Docket #DC-20-06029.

17. On August 20, 2021, your Affiant obtained a copy of the Bill of Information. According to court records, **SMULLEN's** pending felony charges have not been resolved. Therefore, **SMULLEN** remains prohibited from receiving a firearm.

18. In my training and experience, AR type lower receivers constitute "firearms" as defined by 18 United States Code 921(a)(3). The term firearm means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of and explosive: (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device.

19. **SMULLEN** was released on bond in October 2020. Based on information obtained through surveillance and open records searches, Agents had cause to believe that **SMULLEN** did not reside at the address provided when he was released.

20. On August 25, 2021, your Affiant submitted an application for a warrant authorizing the installation and monitoring of a tracking device in a package prepared by agents with the ATF Baton Rouge Field Office. The tracking warrant was signed by this Honorable Court and executed the same day.

21. The package, which was shipped to B&J Pawn on 8/11/21 contained 50 AR-15 type firearm receivers addressed to customer Kenrick Hart. The receivers were removed from the box by B&J Pawn for inventory and verification. The receivers were withheld from the package and replaced with packing materials consistent with the weight of the receivers. The tracking device was placed inside of the box.

22. ATF agents conducted surveillance and arranged, as planned, for the controlled delivery of the package to **SMULLEN.**

23. **SMULLEN** and Hart arrived at B&J Pawn in a black, 4 door, Nissan Maxima bearing Texas license plate KPD 8526 (hereinafter "the vehicle" or "**SMULLEN**'s vehicle"). Hart retrieved the package from B&J Pawn and returned to **SMULLEN**'s vehicle. The parties placed the package in the trunk of **SMULLEN**'s vehicle.

24. The pair left B&J Pawn with the package in the trunk of the vehicle. **SMULLEN** then drove Hart to home located at 4148 Sherwood Street in Baton Rouge. Hart got out of the vehicle and went inside the house. **SMULLEN** left Hart's residence with the package still in the trunk of the vehicle.

25. Law enforcement officers from several agencies coordinated surveillance and tracking of the vehicle and the package. East Baton Rouge Parish Sheriff's ("EBRSO") deputies followed **SMULLEN** in unmarked units from Hart's residence. EBRSO observed **SMULLEN** drive north towards Baker, Louisiana.

26. **SMULLEN** made a stop for gas before his driving pattern became more erratic. **SMULLEN** ultimately arrived at a residence located at 2505 McHugh Drive in Baker, Louisiana. Upon arrival, **SMULLEN** pulled his vehicle into the attached carport. EBRSO Deputies pulled into the driveway and parked their unmarked units behind **SMULLEN**'s vehicle.

27. Upon arriving at the residence, Affiant learned that **SMULLEN** had been shot at some point after he arrived at the home. The details of the shooting are under investigation. **SMULLEN** was transported by Emergency Medical Services ("EMS") to a local hospital for treatment.

28. Law enforcement observed two firearms in plain view in the front of **SMULLEN**'s car. Specifically, a compact Glock pistol with no magazine was observed on the driver's seat, and a second, as yet unidentified, handgun was observed on the passenger's seat.

29. The residence was occupied by Scottriana Walker, who identified herself to law enforcement as **SMULLEN**'s girlfriend. She told law enforcement that she lives at the residence with **SMULLEN** and their three (3) year old child, Jayceon Smullen. Ms. Walker confirmed that the parties have lived at the residence for less than a year, and that no one else resides in the home.

30. Based on the foregoing, your affiant applied for a search warrant for the residence. The warrant was signed by this Honorable Court and executed that same evening.

31. During the search of the residence, ATF Agents seized over ten (10+) of the each of the following items: AR-15 upper receivers, lower receiver parts kits and buffer tubes. In my training and experience these parts are consistent with individuals who are building firearms.

32. Agents also located a handgun from the residence, identified as a Glock Model 19, 9mm semi-auto pistol, bearing serial number MUP418. The firearm was loaded with a 31 round extended magazine.

33. During a crime scene investigation conducted on 8/25/21 at 2505 McHugh residence, the EBRSO seized two firearms from SMULLENS vehicle. One of the firearms seized is a Glock Model 30, 45 caliber semi-auto pistol. A trace conducted of pistol shows that it was purchased on 8/24/21, one day prior to it being recovered during this incident.

## CONCLUSION

34.     Based on the facts set forth in this Affidavit, I believe there is probable cause to believe that **JAYLON JAMARE SMULLEN** violated Title 18, United States Code, Sections 922(a)(6); 922(n); and 371.

Respectfully submitted,

ALTON CAMBRE
Digitally signed by ALTON CAMBRE
Date: 2021.08.27 15:51:05 -04'00'

Alton Cambre
Special Agent
Alcohol, Tobacco, Firearms and Explosives

**Affidavit submitted by email/.pdf and attested to me as true and accurate by telephone consistent with Federal Rules of Criminal Procedure 4.1 and 41(d)(3) on** August 26, 2021.

JUDGE SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE